1

2                    IN THE UNITED STATES DISTRICT COURT

3                    FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7   LOUIS FRESQUEZ,

8            Plaintiff,                    CV F 03 6388 OWW  WMW   P

9       vs.                        _____FINDINGS AND RECOMMENDATION

10

11  R. ZIMMERMAN, et al.,

12            Defendants.

13

14          On November 23, 2004, an order was entered, dismissing the complaint in this action and

15  granting Plaintiff leave to file an amended complaint.  The court recommended dismissal on the

16  ground that the complaint failed to articulate a claim.  Specifically, the court noted that the

17  complaint consisted of copies of documents interspersed with narrative statements.  The court

18  specifically advised Plaintiff of the requirements of Fed. R. Civ. P. 8(a)(2).   Plaintiff was

19  specifically advised that the court could not discern any claims or factual allegations.

20          Plaintiff failed to file an amended complaint, and on February 1, 2005, the court

21  recommended dismissal of this action.  On March 3, 2005, the court vacated the findings and

22  recommendations and granted Plaintiff an extension of time in which to file an amended

23  complaint.  Plaintiff failed to file an amended complaint and on April 12, 2005, another

24  recommendation of dismissal was entered.   On May 10, 2005, Plaintiff was re-served with the

25  April 12th recommendation of dismissal.  On May 31, 2005, Plaintiff filed objections.  On April

26

                                         1

19, 2006, the recommendation of dismissal was vacated, and Plaintiff was granted another extension of time in which to file an amended complaint. On May 23, 2006, Plaintiff was granted a further extension of time.

On June 28, 2006, Plaintiff filed a document titled as an "Objection To This Court's Order Dismissing For Digression." This document consists of legal argument regarding the Americans with Disabilities Act. The document does not address the basis for dismissal of the original complaint, nor does the document address the concerns noted in the order dismissing the complaint.

The complaint was dismissed for failure to articulate Plaintiff's claims and factual allegations. The order dismissing the original complaint did not address the merits of the complaint. Indeed, the order noted that the court could not discern any claims or factual allegations as to any individual defendants. Plaintiff was directed to file an amended complaint that set forth his claims and factual allegations in support of those claims. To date, Plaintiff has filed various documents with the court, but no amended complaint. Plaintiff, as the initiator of this action, is responsible for prosecuting it. Plaintiff has failed to file an amended complaint that complies with the pleading requirements set forth in the order dismissing the original complaint.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for

1  noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

2  (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v.</u>

3  <u>King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule

4  requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833

5  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); <u>Henderson v.</u>

6  <u>Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and

7  failure to comply with local rules).

8          In determining whether to dismiss an action for lack of prosecution, failure to obey a

9  court order, or failure to comply with local rules, the court must consider several factors: (1) the

10  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

11  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

12  their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831;

13  <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>,

14  46 F.3d at 53.

15          Here, the court finds that the public's interest in expeditiously resolving this litigation

16  and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk

17  of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises

18  from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542

19  F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on

20  their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

21  Finally, a court's warning to a party that his failure to obey the court's order will result in

22  dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d

23  at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.

24          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without

25  prejudice for Plaintiff's failure to prosecute.

26

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 17, 2006**                              _____/s/  **William M. Wunderlich**_____
mmkd34                                              UNITED STATES MAGISTRATE JUDGE